UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEITH RUSSELL JUDD				PLAINTIFF

v.						CIVIL ACTION NO. 3:11CV-P346-H

SECRETARY OF STATE OF KENTUCKY *et al.*				DEFENDANTS

**MEMORANDUM AND ORDER**

In the complaint, Plaintiff alleges that the Secretary of the State of Kentucky and the State itself have violated the U.S. Constitution and various federal statutes by refusing to place his name on the ballot for the 2012 presidential primary election. Along with the complaint, he filed an application to proceed without prepayment of fees.

By Memorandum and Order entered July 12, 2011, the Court denied Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(g) (the three-strikes provision) and directed him to pay the $350.00 filing fee in full within 30 days or face dismissal of the action. Plaintiff did not pay the filing fee but filed a motion to reopen the case and stay the proceedings pending a decision by the judicial panel on multidistrict litigation (MDL) to transfer this matter for consolidated-coordinated proceedings under 28 U.S.C. § 1407. He also appealed the Court's July 12, 2011, non-final, nonappealable Order. Although the appeal is still pending (Appeal No. 11-6157), this Court is not divested of jurisdiction over the district-court action. *See Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) ("[A] notice of appeal from a plainly nonappealable order may properly be ignored by the district court.").

Consequently, by Order entered October 12, 2011, because this case had never been dismissed/closed, the Court denied Plaintiff's request to reopen, and because his MDL action was dismissed on October 7, 2011, the Court also denied his motion to stay the instant action.

The Court further provided Plaintiff with an additional 21 days within which to pay the $350.00 filing fee; warned him that failure to pay the filing fee in full within the time allowed would result in dismissal of the action; and advised him that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Plaintiff did not pay the filing fee. Instead, he appealed the Court's October 12, 2011, Order. By Order filed January 13, 2012, the appeal was dismissed in the Sixth Circuit for want of prosecution for failure to pay the $455.00 appellate filing fee (Appeal No. 11-6309).

Because this Court has provided Plaintiff with ample opportunity to pay the $350.00 district-court filing fee in this case but he has repeatedly failed to do so, the Court will dismiss this action by separate Order.

As the Court previously advised Plaintiff, dismissal of this action does not relieve him of his responsibility to pay the requisite filing fee in this action. *In re Alea*, 286 F.3d at 381; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). The obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d at 381. Accordingly, **the prior Orders (DNs 7 & 11) obligating Plaintiff to pay the $350.00 filing fee in this action remain in full force and effect.**

**IT IS THEREFORE ORDERED that the Federal Correctional Institution-Texarkana shall collect the $350.00 filing fee from Plaintiff's inmate trust account and forward it to the Clerk for full payment of the filing fee.** The payment shall be sent to the following address: Office of the Clerk, United States District Court, Western District of

Kentucky, 106 Gene Snyder U. S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202-2249.

Date:

cc: Plaintiff, *pro se*
 ATTN: Inmate Accounts (Reg. No. 11593-051); FCI Texarkana, Federal Correctional Institution, P.O. Box 9500, Texarkana, TX 75505
4412.005